[881 NYS2d 343]

In the Matter of RYAN B. FEENEY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 2, 2009

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Ryan B. Feeney*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on February 19, 2002. By order entered April 16, 2008, respondent was suspended by the Supreme Court of Tennessee for a period of one year, effective November 1, 2007. The order, however, deferred the imposition of the period of suspension and placed respondent on probation, conditioned upon his compliance with a Lawyers Assistance Monitoring Advocacy Agreement for a period of two years. The suspension was imposed as a result of respondent's self-report of an incident that occurred in 2006, when he was in possession of a marihuana cigarette. This Court, upon receipt of a certified copy of the Tennessee order, directed respondent, by order entered May 20, 2009, to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent filed papers in response to the order to show cause and waived his opportunity to appear before this Court on the return date thereof.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find "that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct, or, that the imposition of discipline would be unjust." In his papers filed in response to the order to show cause, respondent states that he has complied with all of the conditions of his probation and is currently in good standing in Tennessee. He raises no objection to the imposition of reciprocal discipline and requests that this Court issue an order of suspension that is concurrent with the order entered in Tennessee. The Grievance Committee does not oppose that request. Accordingly, we conclude that respondent should be suspended for a period of one year, effective November 1, 2007.

MARTOCHE, J.P., FAHEY, CARNI, GREEN and PINE, JJ., concur.

Order of suspension entered.