Matter of Feeney (2023 NY Slip Op 04893)

Matter of Feeney

2023 NY Slip Op 04893

Decided on September 29, 2023

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND GREENWOOD, JJ. (Filed Sept. 29, 2023.) 

&em;

[*1]MATTER OF RYAN B. FEENEY, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 19, 2002, and he resides in Colorado. In April 2023, the Grievance Committee filed proof that, in February 2023, the Supreme Court of Tennessee suspended respondent from the practice of law for a period of six months, with 30 days to be served on active suspension and the remainder served on probation. The Tennessee suspension was imposed upon respondent's conditional plea of guilty to violating certain provisions of the Tennessee Rules of Professional Conduct (Tenn Sup Ct Rules rule 8), including rule 1.4, which governs communication with clients, and rule 1.16, which requires lawyers to decline or terminate a representation under certain circumstances.
Upon receipt of the submission of the Grievance Committee, this Court entered an order on May 23, 2023, directing respondent to appear and show cause why reciprocal discipline should not be imposed, pursuant to 22 NYCRR 1240.13, based on the conduct underlying the Tennessee order of suspension. Respondent thereafter responded to this Court's show cause order by filing papers wherein he stated that he does not object to the imposition of reciprocal discipline, submitted matters in mitigation, and waived his appearance before this Court.
Pursuant to 22 NYCRR 1240.13, this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]).
In this matter, respondent does not object to the imposition of reciprocal discipline and the record does not establish any factor that would preclude the imposition of such discipline. With respect to an appropriate sanction, although the Tennessee order of suspension placed respondent on professional probation after 30 days of active suspension, we conclude that an unconditional six-month suspension in New York is appropriate, particularly considering respondent's disciplinary history, which includes a reciprocal suspension previously imposed by this Court (see Matter of Feeney, 65 AD3d 357, 358 [4th Dept 2009]). Accordingly, we conclude that respondent should be suspended from the practice of law in New York for a period of six months, effective immediately and until further order of the Court. We also direct that any application for reinstatement filed by respondent comply with the conditions set forth in the order entered herewith, including that he has been reinstated to the practice of law and is in good standing in Tennessee and that, at the time the application is made, he is not the subject of any pending grievance investigation or proceeding in Tennessee or any other jurisdiction in which he may be admitted to practice law.